# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Lashawn L. Turner-Bey, | Case No. 2:24-cv-01890-APG-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| Yups, et al., | |
| Defendants. | |

Before this Court are pro se Plaintiff's motion to amend (ECF No. 31) and motion for subpoena duces tecum (ECF No. 35). Defendants replied at ECF Nos. 34 and 36. No replies are necessary to resolve these motions. For the reasons discussed below, this Court denies Plaintiff's motion to amend without prejudice, and it further denies the motion for subpoena duces tecum as premature.

## I. BACKGROUND

Plaintiff initiated this case by filing a motion to proceed *in forma pauperis* and attaching a complaint. ECF No. 1. This Court denied Plaintiff's motion and directed him to pay the filing fee or file a new application with the required documents. ECF No. 3. Plaintiff did so at ECF No. 4. Shortly after, he filed an "affidavit of prosecution," which he noted was an addendum to his complaint. ECF No. 5. About a month later, Plaintiff filed a proposed amended complaint. ECF No. 7. He filed the exact same "affidavit of prosecution" again at ECF No. 8, and another addendum at ECF No. 12.

The district judge assigned to this case determined that Plaintiff's proposed amended complaint at ECF No. 7 would be the operative complaint. ECF No. 20 at 4. He screened that complaint and found that Plaintiff stated a colorable claim under the Eighth Amendment for deliberate indifference to a serious medical need against Defendants Yups, LeGrand, and Dr. Doe. *Id.* Importantly, the district judge explained that he would not piecemeal Plaintiff's complaint together from multiple filings and that his operative complaint must contain all the

claims, defendants, and factual allegations he wishes to pursue in this lawsuit. *Id.* at 9. The district judge allowed Plaintiff to combine his multiple filings into a single, second amended complaint, but that if he chose to do so, he must file it by June 13, 2025. *Id.* The district judge further ordered that if Plaintiff did not file a second amended complaint by that date, the action would proceed on his Eighth Amendment claim only. *Id.*

Plaintiff did not file a second amended complaint by the deadline. So, the district judge ordered that the action would proceed on the Eighth Amendment claim only. ECF No. 25. In that same order, the district judge stayed the case for 90 days to allow the parties an opportunity to settle. *Id.* He stated: "If the parties proceed with this action, the Court will then issue an order setting a date for Defendants to file an answer or other response. Following the filing of an answer, the Court will issue a scheduling order setting discovery and dispositive motion deadlines." *Id.* In late September, Defendants filed a status report noting that the parties would proceed with this action. ECF No. 28. Plaintiff filed his motion to amend a little over a week later, and he filed his motion for subpoena duces tecum one month after that. ECF Nos. 31 and 35. This Court has yet to set a deadline for Defendants to answer or to issue a scheduling order.

## II. DISCUSSION

### A. Motion to Amend

Generally, a party may amend its pleading once "as a matter of course" within twenty-one days of serving it, or within twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. "The court considers five factors [under Rule 15] in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). "The standard for granting leave to amend is generous." *Id.* "The party opposing the amendment bears the burden of showing why leave should be denied, including the burden of establishing

prejudice." *Underwood v. O'Reilly Auto Enterprises, LLC*, 342 F.R.D. 338, 343 (D. Nev. 2022) (internal citations omitted).

Under Federal Rule of Civil Procedure 6, a court may extend a deadline for good cause: "(A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). Similarly, this district's local rules state: "A request made after the expiration of the specified period will not be granted unless the movant or attorney demonstrates that the failure to file the motion before the deadline expired was the result of excusable neglect." LR IA 6-1(a).

Plaintiff states that leave to amend should be freely granted under Federal Rule of Civil Procedure 15(a). ECF No. 31. He argues that this Court should permit him to amend his complaint according to the underlying facts and allegations in his "affidavit of prosecution." *Id.* at 2. Although Plaintiff previously filed this "affidavit of prosecution" at ECF Nos. 5 and 8, he attached it to his motion to amend, presumably as his second amended complaint.

Defendants reply that the motion should be dismissed under Rule 16[1] because the deadline to amend has passed. ECF No. 34 at 2. They further argue that the complaint is procedurally improper, that allowing amendment would cause undue delay, that he has already filed an amended complaint, and that his claims are futile. *Id.* at 2–5. "[Plaintiff] is attempting to add entirely new claims unrelated to his Complaint. [Plaintiff] is attempting to bring claims related to freedom of religion, for due process for unrelated medical issues, the bulk of which have nothing to do with his underlying claim of dental treatment." *Id.* at 5.

Plaintiff previously filed his attachment to the motion to amend (the "affidavit of prosecution") in this case at ECF Nos. 5 and 8. The district judge explained that he would not piecemeal Plaintiff's multiple filings together to form a complaint. The district judge gave

---

[1] While Federal Rule of Civil Procedure 16(b)(4) commonly applies to tardy motions to amend like this one, it only concerns cases with scheduling orders. As discussed above, this Court has yet to issue a scheduling order. Accordingly, it applies Federal Rule of Civil Procedure 6 because the Court set a deadline, independent of a scheduling order, for Plaintiff to file a second amended complaint.

Plaintiff an opportunity to pursue those claims and defendants by filing a complete second amended complaint. ECF No. 20 at 9. Plaintiff moved to amend on October 3, 2025, almost four months after the deadline to amend had passed. Id. He has not addressed the factors under Rule 15, nor has he demonstrated that his failure to file an amended complaint by June 13, 2025, was a result of excusable neglect. In sum, Plaintiff has not met his burden for this Court to extend the deadline for amendment.

In addition, as explained by Defendants, the proposed, second amended complaint is improperly alleging unrelated claims as to different defendants in violation of Federal Rule of Civil Procedure 20. Under this rule, defendants may be joined in one action if "[1] any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and [2] any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A)–(B). Should Plaintiff file another motion to amend, his attached, proposed, second amended complaint must comply with this rule.

### B. Motion for Subpoena Duces Tecum

Plaintiff moves for a subpoena duces tecum for: (1) dental examination reports, including an account of his tooth extraction; (2) emergency response incident documents; (3) HDSP unit search log; (4) that numerous individuals be called for testimony; and (5) grievance log information. ECF No. 35 at 2–3. Defendants respond that the subpoena duces tecum is improper under Rule 45.

Under Federal Rule of Civil Procedure 26, "[e]xcept in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or when the court orders otherwise, the parties must confer as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under ." Fed. R. Civ. P. 26(f). This rule further states that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). The parties have not yet held their scheduling conference under Rule 26(f) because this Court has not

1  set a deadline for the scheduling order (or issued a scheduling order directing the parties to hold
2  one). So, Plaintiff cannot seek discovery at this stage. This Court denies Plaintiff's motion for
3  subpoena duces tecum without prejudice because it is premature. Should Plaintiff choose to re-
4  file this motion after the parties have had their Rule 26(f) conference, he should carefully review
5  Rule 45 and should meet and confer with Defendants prior to filing.

### C. Instructions for Filing a Motion to Amend

If Plaintiff chooses to file another motion to amend, he must address excusable neglect under Rule 6 and the Ninth Circuit factors under Rule 15. The attached, proposed second amended complaint must contain a short and plain statement describing the underlying case, the defendants' involvement in the case, and the approximate dates of their involvement as to each claim. *See* Fed. R. Civ. P. 8(a)(2). The Court will provide him a form so that he can assert each cause of action separately and designate which defendant(s) are responsible as to each cause of action. As discussed above, Plaintiff must comply with Rule 20 as well. The attached, proposed, second amended complaint must be complete in and of itself without reference to prior pleadings or other documents. The Court cannot refer to a prior pleading or other documents to make Plaintiff's amended complaint complete. Finally, Plaintiff is advised that if he files an amended complaint, the original complaint no longer serves any function in this case.

### III. CONCLUSION

**IT IS ORDERED** that Plaintiff's motion to amend (ECF No. 31) is denied without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's motion for subpoena duces tecum (ECF No. 35) be denied without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff will have until January 8, 2026, to file a second motion to amend.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff one copy of this district's inmate complaint form.

**IT IS FURTHER ORDERED** that Defendants' answer/responsive pleading to the operative complaint (ECF No. 7) will be due no later than December 22, 2025. This Court will

order the parties to hold a Rule 26(f) conference and issue a scheduling order within 30 days of Defendants filing their answer or responsive pleading.

DATED: November 21, 2025.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE