**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Lashawn L. Turner-Bey | Case No. 2:24-cv-01890-APG-BNW |
| Plaintiff, | **ORDER** |
| v. | |
| Yup, et al., | |
| Defendants. | |

Before this Court is Plaintiff's Motion for Leave to File a Second Amended Complaint. ECF No. 44. Defendants opposed. ECF No. 46. No reply is needed for this Court to resolve this motion.

**I.      BACKGROUND**

This Court previously screened Plaintiff's first amended complaint and found that he stated a colorable claim under the Eighth Amendment for deliberate indifference to a serious medical need against Defendants Yups, LeGrand, and Dr. Doe. ECF No. 20. The Chief Judge allowed Plaintiff to file a second amended complaint, and provided a June 13, 2025, deadline. *Id*. Plaintiff did not file a second amended complaint by that deadline. So, the Chief Judge ordered that the action would proceed on the Eighth Amendment claim only. ECF No. 25.

On October 3, 2025, Plaintiff filed a motion to amend the first amended complaint. ECF No. 31. This Court denied the motion without prejudice and provided a deadline of January 8, 2026, for Plaintiff to file a new motion to amend. ECF No. 37. Instead of filing a new motion to amend, on January 8, 2026, Plaintiff filed a second amended complaint. ECF No. 40. The Chief Judge struck it as improper and explained that Plaintiff needed to seek leave to file the second amended complaint. ECF No. 41.

On January 9, 2026, this Court approved the parties' proposed discovery plan and scheduling order. ECF No. 42. Importantly, the discovery plan and scheduling order provides that,

> Amendments to pleadings as provided for under FRCP 15, if the same are allowed without leave of court, or motions for leave to amend, must comply with LR 15-1, and must be filed and served within 60 days from the date of this Order, which is March 10, 2026.

*Id.* at 5.

## I.    LEGAL STANDARD

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The party opposing amendment bears the burden of showing why leave should be denied. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). Not all these factors carry equal weight and prejudice is the "touchstone." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

Absent a showing of prejudice or a strong showing of any of the remaining factors, there is a presumption that leave to amend should be granted. *Id.* "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits, rather than on the pleadings or technicalities." *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). Generally, the analysis "should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

"Denial of leave to amend on th[e] ground [of futility] is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). "Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss or motion for summary judgment." *Steward v. CMRE Fin'l Servs., Inc.*, No. 2:15-cv-00408-JAD-NJK, 2015 WL

2

6123202, at *2 (D. Nev. Oct. 16, 2015). Thus, amendment is futile only if no set of facts can be proven under the amendment that would constitute a valid and sufficient claim. *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018); *Aiello v. Geico Gen. Ins. Co.*, 379 F. Supp. 3d 1123, 1129 (D. Nev. 2019).

## II.   ANALYSIS

First, this Court notes that the operative deadline to amend the complaint was March 10, 2026. ECF No. 42. Thus, Plaintiff's motion—filed March 6, 2026—is timely. Next, this Court notes that any concern about undue delay based on the assumption that the second amended complaint will need to be re-screened is unpersuasive. While it is true that courts are required to screen complaints filed by prisoners, that requirement is no longer at play once Defendants have appeared—as in this case. *Olausen v. Murguia*, No. 3:13-CV-00388-MMD-VPC, 2014 WL 6065622, at *3 (D. Nev. Nov. 12, 2014) ("[T]he screening provision does not require a court, either explicitly or implicitly, to screen every time a plaintiff seeks to amend the complaint.").

Next, this Court finds no evidence of bad faith on the present record. Although Plaintiff has amended the complaint previously, the case is only now entering the discovery phase. Defendants likewise fail to identify any other basis for a finding of prejudice.

As explained above, denying amendment based on futility is rare. *Netbula,* 212 F.R.D. at 539. Although this Court has concerns that the complaint may implicate improper joinder under Federal Rules of Civil Procedure 18 and 20, Defendants have not provided adequately developed arguments in support of that position. For example, it is not clear to the Court why Defendant Halverson would be improperly joined where Plaintiff alleges that the alleged retaliation arose from his complaints regarding his tooth pain, suggesting that these claims may arise from the same series of transactions or occurrences. Defendants can more fully develop their argument, if they wish, by filing a motion to dismiss.

## III.   CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File a Second Amended Complaint (ECF No. 44) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to detach and file the proposed second amended complaint (ECF No. 44-1) on the docket.

DATED: March 31, 2026

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE