AARON D. FORD
 Attorney General
JOHN REGALIA (Bar No. 16969)
 Deputy Attorney General
State of Nevada
Office of the Attorney General
1 State of Nevada Way, Suite 100
Las Vegas, Nevada 89119
(702) 486-3106 (phone)
(702) 486-3768 (fax)
Email: jregalia@ag.nv.gov

*Attorneys for Defendants*
*Catherine Yup and Kara LeGrand*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LASHAWN TURNER-BEY, | Case No. 2:24-cv-01890-APG-BNW |
| Plaintiff, | |
| v. | **PARTIES' JOINT STIPULATOIN TO EXTEND THE DISCOVERY DEADLINES (FIRST REQUEST)** |
| JAMES DZURENDA, *et al.*, | |
| Defendants. | |

Plaintiff Lashawn Turner-Bey by and through counsel McKay Holley of the law firm Spencer Fane LLP, and Defendants Catherine Yup and Kara LeGrand, by and through counsel, Aaron D. Ford, Nevada Attorney General, and John Regalia, Deputy Attorney General, of the State of Nevada, Office of the Attorney General, jointly request to extend the discovery deadline in this matter by one-hundred and eighty (180) days **from July 8, 2026,** to **January 4, 2027**. This is the first request to extend the discovery deadlines.

## I.    BACKGROUND

On January 9, 2026, this Court issued a scheduling order which sets the close of discovery as July 8, 2026. ECF No. 42. As of June 8, 2026, no party has served discovery in this matter. On March 31, 2026, Counsel for Plaintiff appeared in this case. ECF No. 46. Parties have conducted a meet and confer and have agreed to extend the discovery deadlines to allow Plaintiff's newly appointed pro bono counsel an opportunity to serve

///

discovery and to allow Defendants to serve discovery related to the new allegations in the Amended Complaint, as well as participate in informal settlement negotiations.

## II.    LEGAL STANDARD

Fed. R. Civ. P. Rule 6(b)(1) governs extensions of time and allows, in relevant part, that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." If additional time for any purpose is needed, the proper procedure is to present a request for extension of time before the time fixed has expired. *Canup v. Mississippi Val. Barge Line Co.,* 31 F.R.D. 282 (W.D. Pa. 1962). An extension of time may always be sought and is usually granted on a showing of good cause if timely made under subdivision (b)(1) of [FRCP 6]. *Creedon v. Taubman*, 8 F.R.D. 268 (N.D. Ohio 1947). Also, a district court possesses the inherent power to control its own docket. *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir. 1990); *Olivia v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992).

LR IA 6-1 additionally requires that a motion to extend time must state the reasons for the extension requested and will not be granted if requested after the expiration of the specified period unless the movant demonstrates that the failure to file the motion before the deadline expired resulted because of excusable neglect. LR 26-3 requires that a motion to extend any date set by the discovery plan, scheduling order, or other order must, as well as satisfying the requirements of LR IA 6-1, demonstrate good cause for the extension, and such a motion filed after the expiration of the deadline will not be granted unless the movant demonstrates that the failure to act resulted from excusable neglect.

Finally, LR 26-3 lists four factors that are considered upon adjudication of a motion to extend a discovery deadline: (a) a statement specifying the discovery completed; (b) a specific description of the discovery that remains to be completed; (c) the reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and (d) a proposed schedule for completing all remaining discovery.

### III.    REASON FOR EXTENSION OF DISCOVERY DEADLINE

#### A.    Discovery Completed To Date

Parties have not conducted any written discovery in this matter.

#### B.    Discovery Remaining

Plaintiff's counsel is preparing written discovery and is considering conducting a deposition of Dr. Yup. Defendants anticipate serving written discovery based on the new allegations contained in the Amended Complaint and any follow-up discovery that may be required.

#### C.    Reason Why Discovery Will Not Be Satisfied Or Remaining Discovery Cannot Be Completed Within Current Time Limits

The Parties seek their first extension to extend the discovery deadline. Good cause is present to grant the requested extension for one hundred and eighty (180) days. The discovery deadline in this matter is fast approaching on July 8, 2026. The Parties met and conferred in good-faith. Counsel for Plaintiff has just recently entered the case and, while Defendants did not initially believe offensive discovery was needed in the case, Defendants anticipate serving discovery based on the allegations in the Amended Complaint. ECF No. 52.

Plaintiff's counsel is also considering conducting a deposition of the medical provider in this case, Dr. Yup. This will require additional time to facilitate. Thus, because Plaintiff's counsel has recently entered the case and an amended Complaint has recently added additional allegations, parties contend good cause exists for an extension of the discovery deadlines.

#### D.    Proposed Scheduling for Competing Remaining Discovery

| Events | Existing Deadlines | Proposed New Deadlines |
|---|---|---|
| Discovery Cutoff | July 8, 2026 | January 4, 2027 |
| Deadline to File Discovery Motions | July 23, 2026 | January 22, 2027 |
| Dispositive Motion Deadline | August 7, 2026 | February 3, 2027 |

| | | |
|---|---|---|
| Joint Pretrial Order Deadline (or 30 days following the entry of the court's ruling on a dispositive motion). | September 7, 2026 | February 7, 2027 |

DATED this 16th day of June, 2026.

DATED this 16th day of June, 2026.

AARON D. FORD
Attorney General

By: /s/   Holley Mckay
HOLLEY MCKAY (Bar No. 15934)
*Attorney for Plaintiff*

By: /s/ John Regalia
JOHN REGALIA (Bar No. 16969)
Deputy Attorney General
*Attorneys for Defendants*

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

DATED:   June 17, 2026